1 | Richard D. McCune, State Bar No. 132124
rdm@mccunewright.com
2 | David C. Wright, State Bar No. 177468
dcw@mccunewright.com
3 | Kristy M. Arevalo, State Bar No. 216308
kma@mccunewright.com
4 | MCCUNEWRIGHT LLP
2068 Orange Tree Lane, Suite 216
5 | Redlands, California 92374
Telephone: (909) 557-1250
6 | Facsimile: (909) 557-1275

7

8 | Edward J. Chong, State Bar No. 201409
edlawla@gmail.com
Law Offices of Edward J. Chong and Associates
9 | 3325 Wilshire Blvd., Suite 1250
Los Angeles, California 90010
10 | Telephone: (213) 386-1990
Facsimile: (213) 386-1800

11

12 | *Attorneys for Plaintiff ELITE LOGISTICS CORPORATION,
on behalf of itself and all others similarly situated*

13

14 | Erik L Jackson (SBN 166010)
ejackson@cozen.com
15 | COZEN O'CONNOR
601 South Figueroa Street, Suite 3700
16 | Los Angeles, California 90017
Telephone: 213.892.7900
17 | Toll Free Phone: 800.563.1027
Facsimile: 213.892.7999

18

19 | David F. Smith (SBN 175567)
dsmith@cozen.com
20 | COZEN O'CONNOR
1627 I Street NW, Suite 1100
21 | Washington, DC 20006
Telephone: 202.463.2509
22 | Facsimile: 202.912.4830

23 | *Attorneys for Defendant HANJIN SHIPPING CO., LTD.*

24

25

26

27

28

1

AMENDED STIPULATED [PROPOSED] PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELITE LOGISTICS CORP., and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HANJIN SHIPPING CO., LTD., and DOES 1-10,<br><br>Defendants. | Case No.: CV11-02961 DDP (PLAx)<br><br>**AMENDED STIPULATED [PROPOSED] PROTECTIVE ORDER RE DISCOVERY**<br><br>(Filed Before Discovery Magistrate Paul L. Abrams)<br><br>Complaint Filed: April 7, 2011<br>Trial Date: None Set |

**1. PURPOSES AND LIMITATIONS**

    1.1  <u>Statement of Purpose</u>: Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The information to be produced may include financial information of the Defendants relating to certain of their shipping clients and customers, including, but not limited to, spreadsheets that contain confidential and proprietary information about customers, including payment history, customer information, and other confidential and proprietary information. Some of the information sought qualifies for trade secret protection as that term is defined in Cal. Civil Code § 3426.1 and it is that information which would be designated as confidential under the Protective Oder. The information requested may also include financial and other confidential information of our belonging to Plaintiffs. Accordingly, the parties hereby stipulate to and petition the court to enter the following Amended Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the

limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    <u>Good Cause Statement</u>:

The parties have sought discovery in this case of information that the responding party may claim is confidential, including financial and trade secret information. Such information should be produced, if not otherwise subject to objection, subject to appropriate protections. This Amended Stipulated [Proposed] Protective Order is intended to be in full compliance with the Memorandum and Order dated August 27, 2012, by Magistrate Judge Paul L. Abrams Re: Parties' Proposed Protective Order Re: Discovery (Doc. No. 45).

## 2. DEFINITIONS

    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) that, if disclosed to a non-party, would materially harm the Producing Party's business, commercial, or financial interests.

    2.3    <u>"Confidential - Attorneys' Eyes Only" Information or Items</u>: Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. A document may be designated as "Confidential - Attorney's Eyes Only" when it fulfills the definition of "Confidential" and also is or contains, according to the Producing Party, trade secrets as defined under Cal. Civil Code § 3426.1(d), including, but not limited to, non-public information relating to the

Case 2:11-cv-02961-DDP-PLA   Document 46   Filed 09/18/12   Page 4 of 20   Page ID #:336

1  business of the Producing Party which, if disclosed, would or could, according to the
2  Producing Party, cause damage to a Producing Party's competitive position in the
3  market(s) in which it operates.
4      2.4    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House
5  Counsel (as well as their support staff).
6      2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or
7  items that it produces in disclosures or in responses to discovery as
8  CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."
9      2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of
10 the medium or manner in which it is generated, stored, or maintained (including,
11 among other things, testimony, transcripts, and tangible things), that are produced or
12 generated in disclosures or responses to discovery in this matter.
13     2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter
14 pertinent to the litigation who has been retained by a Party or its counsel to serve as an
15 expert witness or as a consultant in this action.
16     2.8    <u>House Counsel</u>:  attorneys who are employees of a party to this action.
17 House Counsel does not include Outside Counsel of Record or any other outside
18 counsel.
19     2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or
20 other legal entity not named as a Party to this action.
21     2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party
22 to this action but are retained to represent or advise a party to this action and have
23 appeared in this action on behalf of that party or are affiliated with a law firm which
24 has appeared on behalf of that party.
25     2.11    <u>Party</u>:  any party to this action, including all of its officers, directors,
26 employees, consultants, retained experts, and Outside Counsel of Record (and their
27 support staffs).
28

2.12  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.15  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

Case 2:11-cv-02961-DDP-PLA Document 46 Filed 09/18/12 Page 6 of 20 Page ID #:341

4. **DURATION**

The Parties agree that the terms of this Protective Order shall apply only until the time this action proceeds to trial. Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise. At the appropriate time at or before trial, one or more of the parties may ask the District Court to extend the terms of this Protective Order through trial.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>For testimony given in deposition</u>, that the Party or nonparty offering or sponsoring the testimony shall ensure that only persons permitted to have access to the testimony are present during the testimony and shall identify on the record, before the close of the deposition, all protected testimony, and further specify

| | |
|---|---|
| 1 | any portions of the testimony that qualify as "CONFIDENTIAL - ATTORNEYS' |
| 2 | EYES ONLY." When it is impractical to identify separately each portion of testimony |
| 3 | that is entitled to protection, and when it appears that substantial portions of the |
| 4 | testimony may qualify for protection, the Party or nonparty that sponsors, offers, or |
| 5 | gives the testimony may designate on the record (before the deposition is concluded) |
| 6 | the entire deposition transcript as CONFIDENTIAL or ATTORNEY' S EYES ONLY |
| 7 | until such time as it can be reviewed. A Party or nonparty that sponsors, offers, or |
| 8 | gives the testimony has a right to have up to 30 days following receipt of the transcript |
| 9 | to identify the specific portions of the testimony as to which protection is sought and |
| 10 | to specify the level of protection being asserted ("CONFIDENTIAL" or |
| 11 | "CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the |
| 12 | testimony that are appropriately designated for protection within the 30 days shall be |
| 13 | covered by the provisions of this Stipulated Protective Order. |
| 14 |     Transcript pages containing Protected Material must be separately bound by the |
| 15 | court reporter, who must affix to the top of each such page the legend |
| 16 | "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as |
| 17 | instructed by the Party or nonparty offering or sponsoring the witness or presenting |
| 18 | the testimony. |
| 19 |     (c)    <u>For information produced in some form other than documentary |
| 20 | and for any other tangible items</u>, that the Producing Party affix in a prominent place |
| 21 | on the exterior of the container or containers in which the information or item is stored |
| 22 | the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES |
| 23 | ONLY." If only portions of the information or item warrant protection, the Producing |
| 24 | Party, to the extent practicable, shall identify the protected portions, specifying |
| 25 | whether they qualify as "Confidential" or as "Confidential - Attorneys' Eyes Only." |
| 26 |     5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent |
| 27 | failure to designate qualified information or items as "Confidential" or "Confidential - |
| 28 | Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right |

to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1 <u>Timing of Challenges</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice

1 | pursuant to Local Civil Rule 37-1. In conferring, the Challenging Party must explain
2 | the basis for its belief that the confidentiality designation was not proper and must
3 | give the Designating Party an opportunity to review the designated material, to
4 | reconsider the circumstances, and, if no change in designation is offered, to explain
5 | the basis for the chosen designation. A Challenging Party may proceed to the next
6 | stage of the challenge process only if it has engaged in this meet and confer process
7 | first or establishes that the Designating Party is unwilling to participate in the meet
8 | and confer process in a timely manner.
9 |     6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without
10 | court intervention, the parties shall formulate and file a written stipulation pursuant to
11 | Local Civil Rule 37-2. The burden of persuasion in any such challenge proceeding
12 | shall be on the Designating Party. Frivolous challenges and/or frivolous designations,
13 | and those made for an improper purpose (e.g., to harass or impose unnecessary
14 | expenses and burdens on other parties) may expose the Challenging and/or
15 | Designating Party to sanctions. Unless the Designating Party has waived the
16 | confidentiality designation by failing to file a motion to retain confidentiality as
17 | described above, all parties shall continue to afford the material in question the level
18 | of protection to which it is entitled under the Producing Party's designation until the
19 | court rules on the challenge.
20 |     6.4    <u>Burden of Persuasion</u>: In making or opposing any motion relating to the
21 | designation of confidential information, the party seeking to maintain a document as
22 | confidential shall bear the burden of showing that specific prejudice or harm will
23 | result if no protective order is granted. Until the court rules on the challenge, all
24 | parties shall continue to afford the material in question the level of protection to which
25 | it is entitled under the Producing Party's designation.
26 | **7. ACCESS TO AND USE OF PROTECTED MATERIAL**
27 |     7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
28 | disclosed or produced by another Party or by a Non-Party in connection with this case

only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to :

(a) The Receiving Party's Outside Counsel of record in this action, as well as attorneys, staff, and employees of said Counsel's firm to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the Agreement to Be Bound (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) The Court and its personnel;

(d) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) The author of the document or the original source of the information; and

(f) A officer, director or employee of the Designating Party.

7.4 <u>Procedures for Approving Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>:

  (a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) who has been employed by a direct competitor of the designating party within the past two years, any information or item that has been designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s).

  (b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

  (c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement in compliance with Local Rule 37-1. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7(and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must include a written joint stipulation in compliance with Local Rule 37-2, 37-2.1, and 37-2.2 and must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. The parties recognize that the Court will not consider any discovery

Case 2:11-cv-02961-DDP-PLA Document 46 Filed 09/18/12 Page 14 of 20 Page ID #:349

motion not including a written joint stipulation unless the motion is accompanied by a declaration in compliance with Local Rule 37-2.4.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Experts.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1 Absent a court order to the contrary, the Non-Party shall bear the burden and expense
2 of seeking protection in this court of its Protected Material.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

### 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

AMENDED STIPULATED [PROPOSED] PROTECTIVE ORDER

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material</u>.

A party may not file in the public record in this action any Protected Material, without either (i) written permission from the Designating Party, or (ii) a court order secured after appropriate notice to all interested persons providing that such Protected Material shall be filed under seal.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. If any papers to be filed with the Court contain Protected Material, the proposed filing must, in accordance with Local Rule 79-5.1, be accompanied by an application to file the papers or the portion thereof containing the Protected Material (if such portion is segregable) under seal, with a showing of good cause for the under seal filing. Any motion or application to file Protected Material under seal shall be directed to the judge to whom the papers are directed.**13. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

1  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,
2  and hearing transcripts, legal memoranda, correspondence, deposition and trial
3  exhibits, expert reports, attorney work product, and consultant and expert work
4  product, even if such materials contain Protected Material. Any such archival copies
5  that contain or constitute Protected Material remain subject to this Protective Order as
6  set forth in Section 4 (DURATION).

8  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10 Dated: 9-18-12                    /s/ David C. Wright
11                                   David C. Wright
                                     Attorney for Plaintiff

13                                   COZEN O'CONNOR

15 Dated: 9-18-12                    /s/ Erik L. Jackson
                                     Erik L. Jackson
16                                   David F. Smith
17                                   Attorneys for Defendant

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Elite Logistics Corp. v. Hanjin Shipping Co., Ltd.*, CV11-02961 DDP (PLAx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Amended Stipulated Protective Order.

PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, THE PARTIES' AMENDED STIPULATION FOR A PROTECTIVE ORDER IS SO ORDERED.

Dated: 9/19/12

Hon. Paul L. Abrams
United States Magistrate Judge,
Central District of California